IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EARNEST AND LAURA SANDER,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-02566 |
| | § | |
| **ALLSTATE TEXAS LLOYD'S;** | § | JURY |
| **ALLSTATE TEXAS LLOYD'S, INC.;** | § | |
| **GARY BLACK; and BRENDA GUICHET,** | § | |
| | | |
| Defendants. | | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Allstate Texas Lloyd's files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1.  On or about August 12, 2016, Plaintiffs filed Plaintiffs' First Amended Petition in the matter styled: *Earnest and Laura Sander v. Allstate Texas Lloyd's, Allstate Texas Lloyd's, Inc., Gary Black, and Brenda Guichet;* Cause No. 2016-29780; In the 215th Judicial District Court of Harris County, Texas, in which Plaintiffs made a claim for damages under their homeowner's insurance policy with Allstate Texas Lloyd's following a windstorm/hailstorm. Allstate Texas Lloyd's received this petition on August 12, 2016 via electronic service through its Counsel of Record. Defendant files this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

2. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Harris County District Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of *Defendant Allstate Texas Lloyd's Original Answer*. Attached hereto as Exhibit "C" is the Designation of Counsel.

### *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship.

4. Plaintiffs are, and were at the time the lawsuit was filed, citizens of the State of Texas. *See* Plaintiffs' First Amended Petition, ¶3.

5. Defendant Allstate Texas Lloyd's is, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined ... solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2] The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos – Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud –

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear." *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney – Illinois. Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey. Allstate Texas Lloyd's is not a citizen of the State of Texas.

6. With respect to the claims against Allstate Texas Lloyd's, Inc., it is Allstate Texas Lloyd's position that it has been fraudulently joined in this action. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

7. Here, based on Plaintiffs' vague allegations in Plaintiff's First Amended Petition, there is no basis to reasonably predict that Texas law might impose liability on Allstate Texas Lloyd's, Inc. because no real facts relating to it have been set forth. The allegations against Allstate Texas Lloyd's, Inc. appear to simply be a recasting of those against Allstate Texas Lloyd's. Plaintiffs' Petition merely seems to manufacture liability against Allstate Texas Lloyd's, Inc. by lumping the two distinct entities together as "Allstate" despite their being separate and distinct entities, only one of which, Allstate Texas Lloyd's, issued the Policy. This is not sufficient to create a cause of action grounded-in-fact.

8. Defendant Gary Black is, and was at the date the First Amended Petition was filed, a citizen of the State of Alabama. *See* Plaintiffs' First Amended Petition, ¶7.

9. Defendant Brenda Guichet is, and was at the date the First Amended Petition was filed, a citizen of the State of Mississippi. Plaintiffs do not allege that Ms. Guichet is a resident of Texas. *See* Plaintiffs' First Amended Petition, ¶8.

10. In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiffs' First Amended Petition clearly states that Plaintiffs seek damages in excess of $100,000.00. *See* Plaintiffs' First Amended Petition, ¶2. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

12. Allstate Texas Lloyd's was first served with the petition on August 12, 2016. Allstate Texas Lloyd's files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the State Court action are attached to this Notice.

15. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate Texas Lloyd's files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the District Clerk of Harris County promptly after Allstate Texas Lloyd's files this Notice.

Respectfully submitted,

 */s/Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
Southern District No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS ALLSTATE TEXAS LLOYD'S, ALLSTATE TEXAS LLOYD'S, INC., GARY BLACK AND BRENDA GUICHET**

-6-

## **CERTIFICATE OF SERVICE**

      This is to certify that on August 22, 2016, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Matthew J.M. Prebeg
Christopher M. Faucett
Stephen W. Abbott
PREBEG, FAUCETT & ABBOTT, PLLC
8441 Gulf Fwy., Ste. 307
Houston, Texas 77002
mprebeg@pfalawfirm.com
cfaucett@pfalawfirm.com
sabbot@pfalawfirm.com

                                                        */s/Jay Scott Simon*
                                                        Jay Scott Simon