**HCDistrictclerk.com**     SANDER, EARNEST vs. ALLSTATE TEXAS LLOYDS     8/22/2016
                            INC
                            Cause: 201629780     CDI: 7     Court: 215

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## NOTICES
No Notices found.

## SUMMARY

CASE DETAILS

| | |
|---|---|
| **File Date** | 5/6/2016 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Insurance |
| **Next/Last Setting Date** | 9/19/2016 |
| **Jury Fee Paid Date** | 7/11/2016 |

COURT DETAILS

| | |
|---|---|
| **Court** | 215th |
| **Address** | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686330 |
| **JudgeName** | ELAINE H PALMER |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| SANDER, EARNEST | PLAINTIFF - CIVIL | | CALDWELL, BRENT TAYLOR |
| C/O PREBEG, HOUSTON, TX 77017 | | | |
| ALLSTATE TEXAS LLOYDS INC | DEFENDANT - CIVIL | | SIMON, JAY S. |
| C/O (ITS REGISTERED AGENT) CT CORPORATI, DALLAS, TX 75201 | | | |
| SANDER, LAURA | PLAINTIFF - CIVIL | | CALDWELL, BRENT TAYLOR |
| C/O PREBEG,, HOUSTON, TX 77017 | | | |
| BLACK, GARY (MR) | DEFENDANT - CIVIL | | SIMON, JAY S. |
| C/O ALLSTATE TEXAS LLOYD'S,, MOBILE, AL 36695 | | | |
| GUICHET, BRENDA (MS) | DEFENDANT - CIVIL | | SIMON, JAY S. |
| C/O ALLSTATE TEXAS LLOYD'S,, MOBILE, AL 36695 | | | |

# EXHIBIT B

ALLSTATE TEXAS LLOYDS INC MAY BE SERVED   REGISTERED AGENT
BY SERVING ITS REGISTERED

    1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-3136

| ALLSTATE TEXAS LLOYDS | DEFENDANT - CIVIL |
| --- | --- |
| ALLSTATE TEXAS LLOYDS BY SERVING ITS REGISTERED AGENT CT CORPORATION | REGISTERED AGENT |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 8/18/2016 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY S. | ALLSTATE TEXAS LLOYDS INC |
| 8/12/2016 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | CALDWELL, BRENT TAYLOR | SANDER, LAURA |
| 8/12/2016 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | CALDWELL, BRENT TAYLOR | SANDER, EARNEST |
| 7/28/2016 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY S. | BLACK, GARY (MR) |
| 7/8/2016 | ANSWER | | | 0 | | SIMON, JAY S. | ALLSTATE TEXAS LLOYDS INC |
| 7/8/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 7/8/2016 | ANSWER | | | 0 | | SIMON, JAY S. | GUICHET, BRENDA (MS) |
| 7/8/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 5/6/2016 | ORIGINAL PETITION | | | 0 | | CALDWELL, BRENT TAYLOR | SANDER, EARNEST |
| 5/6/2016 | ORIGINAL PETITION | | | 0 | | PREBEG, MATTHEW J. | SANDER, LAURA |

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
| --- | --- | --- | --- | --- | --- | --- |
| 9/19/2016 08:30 AM | 215 | Trial Coordinators Docket | COURT SCHEDULING ORDER | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| CITATION (CERTIFIED) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | BLACK, GARY (MR) | 6/2/2016 | 6/9/2016 | 6/16/2016 | 6/20/2016 | | 73255590 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVED: PAPER SERVED NO SERVED DATE | ORIGINAL PETITION | GUICHET, BRENDA (MS) | 6/2/2016 | 6/9/2016 | | 6/24/2016 | | 73255591 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | ALLSTATE TEXAS LLOYDS BY SERVING ITS REGISTERED AGENT CT CORPORATION | 8/17/2016 | 8/19/2016 | | | | 73279079 | CVC/CTM SVCE BY CERTIFIED MAIL |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 71545282 | Defendant Allstate Texas Lloyd's Original Answer | | 08/18/2016 | 2 |
| 71523582 | CIVIL PROCESS REQUEST | | 08/17/2016 | 2 |
| 71523583 | File Stamped First Amended Petition | | 08/17/2016 | 19 |
| 71463150 | Plaintiff's First Amended Petition | | 08/12/2016 | 19 |
| | Plaintiff's First Amended Petition | | 08/12/2016 | |
| 71267256 | Defendant Gary Black's Original Answer | | 07/28/2016 | 2 |
| 71124717 | DCA Generic Letter | | 07/19/2016 | 2 |
| 71014908 | Defendants Allstate Texas Lloyd Inc. and Brenda Guichets Verified Original Answer | | 07/08/2016 | 4 |
| 70845133 | Domestic Mail Return | | 06/24/2016 | 2 |
| 70845139 | Domestic Mail Return | | 06/23/2016 | 2 |
| 70765104 | Domestic Mail Receipt | | 06/20/2016 | 2 |
| 70664013 | Certified Mail Receipt | | 06/15/2016 | 1 |
| 70664017 | Certified Mail Receipt | | 06/15/2016 | 1 |
| 70664018 | Certified Mail Receipt | | 06/15/2016 | 1 |
| 70609545 | CERTIFIED MAIL TRACKING NUMBER 7014 1820 0001 6309 0554 | | 06/09/2016 | 1 |
| 70609551 | CERTIFIED MAIL TRACKING NUMBER 7014 1820 0001 6309 0530 | | 06/09/2016 | 1 |
| 70609552 | CERTIFIED MAIL TRACKING NUMBER 7014 1820 0001 6309 0547 | | 06/09/2016 | 1 |
| 70529610 | Civil Process Request Form | | 06/02/2016 | 3 |
| 70134206 | plantiffs original petition | | 05/06/2016 | 18 |
| -> 70134207 | Civil case Information Sheet | | 05/06/2016 | 2 |

5/6/2016 1:23:09 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10479712
By: Monica Ovalle
Filed: 5/6/2016 1:23:09 PM

# 2016-29780 / Court: 215

NO. _____

| | | |
|---|---|---|
| EARNEST AND LAURA SANDER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs | § | ___ JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC.; | § | |
| GARY BLACK; and BRENDA GUICHET, | § | |
| | § | |
| Defendants | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

EARNEST ("Ernie") AND LAURA SANDER, husband and wife, individually and jointly ("Plaintiffs"), file this PLAINTIFFS' ORIGINAL PETITION against Defendants (1) ALLSTATE TEXAS LLOYD'S, INC.; and its adjustors and claim representatives, individually, namely (2) MR. GARY BLACK; and (3) MS. BRENDA GUICHET (collectively: "Defendants"), jointly and severally, and would respectfully show the following:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiffs intend to conduct discovery under Discovery Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Plaintiffs therefore ask the Court to order discovery conducted pursuant a discovery control plan tailored to the particular circumstances of this suit.

### II.   CLAIM FOR RELIEF

2.   Plaintiffs seek monetary relief of over $100,000, but not more than $200,000

PLAINTIFFS' ORIGINAL PETITION – PAGE 1

[TEX. R. CIV. P. 47(c)(3)].

## III.   PARTIES

3.      Plaintiffs **ERNIE AND LAURA SANDER** are individuals lawfully residing at 216 Texas Street; Tomball, Texas 77375-2407, in Harris County, Texas.

4.      Defendant **ALLSTATE TEXAS LLOYD'S, INC.** ("Allstate") is an insurance company incorporated in Texas and doing business (insurance) in the State of Texas (Texas Department of Insurance No. 5231). Allstate may be properly served with process through its registered agent CT Corporation System; 1999 Bryan Street, Suite 900; Dallas, TX 75201-3136[1]; by "leaving a copy of the process at the home office or principal business office of the company during regular business hours"[2] (either at the address listed on the Sander family's policy: 8701 N. Freeport Pkwy.; Irving, TX 75063-1908; or at 3075 Sanders Road, Suite H1a; Northbrook, IL 60062-7127); or by serving the company through the Texas Insurance Commissioner[3] (c/o Texas Department of Insurance, 333 Guadalupe Street; Austin, TX 78701)

5.      Defendant **GARY BLACK** ("Black") is an individual and Allstate claims adjuster who, as part of Allstate's "National Catastrophe Team," adjusts claims and interacts with policyholders and claimants in Texas (including the plaintiffs here) for Allstate. Mr. Black may be served either via certified mail through his employer, Allstate, using the means listed above, and/or in person or via certified mail at his current residence (which is, on information and belief: 8231 Nugget Drive; Mobile, Alabama 36695). Mr. Black has individual liability separate from that of his employer, Allstate. *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966

---

[1] *See* TEX. INS. CODE § 804.101(b)(1)
[2] *Id.* at § 804.101(b)(2).
[3] *Id.*, § 804.102(c); 804.201, *et seq.*

S.W.2d 482 (Tex. 1988).

6.     Defendant **BRENDA GUICHET** ("Guichet") is an individual and Allstate claims adjuster who, as part of Allstate's "National Catastrophe Team," adjusts claims and interacts with policyholders and claimants in Texas (including the claimants here) for Allstate. Ms. Guichet may be served either via certified mail through her employer, Allstate, using the means listed above, and/or in person or via certified mail at her other business address (1055 Hillcrest Road, Suite A3; Mobile, Alabama 36695). *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1988).

## IV.     JURISDICTION

7.     This Court has jurisdiction over the cause of action because the amount in controversy is within the Court's jurisdictional limits.

8.     The Court also has jurisdiction over Defendant Allstate because it is incorporated in Texas, is licensed by the Texas Department of Insurance to do insurance business in Texas, maintains a registered agent in Texas, and routinely engages in the business of insurance in the State of Texas. Allstate, moreover, harmed the Plaintiffs, who are Texas residents, in Texas, and Plaintiffs' causes of action here arise out of the defendant's business activities in the State of Texas. *See* TEX. INS. CODE CH. 804; TEX. CIV. PRAC. & REM. CODE § 17.042.

9.     The Court has jurisdiction over Defendant Black, because Mr. Black is an employee and agent of Allstate Texas Lloyd's, which is a Texas corporation and insurer as described above, and because Plaintiffs' causes of action, in whole or in part, arise out of Mr. Black's acts and omissions with respect to the Plaintiffs, and harmed the Plaintiffs in the State of Texas.

10.     The Court has jurisdiction over Defendant Guichet, because Ms. Guichet is an employee and agent of Allstate Texas Lloyd's, which is a Texas corporation and insurer as described above, and because Plaintiffs' causes of action, in whole or in part, arise out of the Ms. Guichet's acts and omissions with respect to the Plaintiffs, and harmed the Plaintiffs in the State of Texas.

## V.     VENUE

11.     Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE §§15.002 and 15.032.

## VI.     FACTS

12.     Plaintiffs are the owners of, and insureds under, a Texas Homeowners' Insurance Policy (Policy # 9 38 552187 06/29), hereinafter referred to as "the Policy"), which Allstate sold and issued to Plaintiffs in Texas.

13.     Plaintiffs own the property insured by the Policy, located at 216 Texas Street; Tomball, Texas 77375-2407, in Harris County (hereafter referred to as "the Property").

14.     On or about May 27, 2015, a severe hail storm ("the Storm") struck Harris County, Texas, damaging homes and businesses throughout the area, including Plaintiffs' residence. The Storm damaged the roof of Plaintiffs' home and shed, as well as other exterior areas of their home and its appurtenances, including but not limited to the dwelling roof, the detached garage roof, and damage to the home's vinyl siding, fascia, and windows and screens. Plaintiffs presently understand the initial damage to their home and its appurtenances was in excess of $50,000.

15.     The Policy was in force at the time of the Storm.

16.     Shortly after the Storm, Plaintiffs filed a claim with Allstate for the damages the

Storm caused to the Property.

17.     Allstate then assigned claims examiners from its "National Catastrophe Team," based in Dallas, Texas, including Defendants Black and Guichet, to adjust Plaintiffs' claim under the Policy.

18.     Defendants had Mr. Black inspect the Property on or about June 23, 2015, as part of the Defendants' efforts to adjust Plaintiffs' claims under the Policy.

19.     Defendant Black, however, performed only a perfunctory and flawed inspection of the Property for the Defendants. The report Defendants issued Plaintiffs on June 23, 2015, grossly under-scoped the Property's Storm-related damages and grossly underestimated Plaintiffs' damages as totaling only approximately $13,000, estimating "recoverable depreciation" of approximately $6,000, which, after factoring in Plaintiffs' deductible of approximately $1,500, left Defendants' total, estimated "net claim" amount of only $2,539.63 (or $7,657.90 with recovered depreciation). As of the date this petition is filed defendants claim they have paid Plaintiffs only $5,246.62 on the claim.

20.     Defendants' miniscule payment – comprising only a fraction of the full amount of Plaintiffs' damages (discussed further below) and made on the basis of Defendants' incomplete, misleading, and self-serving inspection and assessment of Plaintiffs' property damage – in addition to Defendants' subsequent refusal to cover and compensate Plaintiffs for the full amount of their covered property damage, have wrongfully denied Plaintiffs full coverage and payment of damages and necessary repairs of the Property, even though the Policy provided coverage for losses such as those Plaintiffs suffered.

21.     Defendants subsequently re-inspected the Plaintiffs' Property on or about August 5, 2015 – this time in the presence of a representative from Plaintiff's then-chosen repair

contractor, Remedy Roofing, but have made no further payments of Plaintiffs' claims.

22.     Defendants, through Defendant Guichet, have recently tried to excuse Allstate's refusal to timely and fully pay Plaintiffs' claims under the Policy in correspondence with Plaintiffs' counsel by arguing that, during Allstate's second inspection, Remedy Roofing expressed concern about the legality and safety of installing new siding over the home's original asbestos-based siding (the repair Allstate wanted and on which Allstate had based its damage and payment estimates). Specifically, Remedy Roofing, on information and belief, expressed concern that the asbestos under-siding on the home was not a proper surface to which new siding could be safely or properly nailed the way Allstate suggested (because nailing into the asbestos would both break up and disperse asbestos fibers, presenting a deadly health hazard, and would also not provide a sufficiently solid and stable surface to which the siding could be affixed as Allstate wanted). Defendants claim they asked Remedy Roofing to prove these concerns but never received any additional information from them.

23.     Defendants thus concede that, upon hearing of safety and legal concerns about asbestos from Plaintiffs' contractor, Allstate – rather than taking steps to look into the safety or legality of the repairs they were requiring as a condition of fully paying Plaintiffs' claims and on which they were estimating damages – instead demanded that *Remedy Roofing prove to Allstate* that the repairs Allstate had assumed to be sufficient were unsafe or illegal before Allstate would fully pay the claim.

24.     Plaintiffs' counsel, having seen no evidence to support Defendants' claims about Remedy Roofing and the issue of the asbestos siding, asked Defendants, through Defendant Guichet, as early as February 29, 2016, to provide any written or electronic documentation corroborating Ms. Guichet's claims about Allstate's interactions with Remedy Roofing and the

issue of installing new siding over the home's existing, damaged, asbestos siding. As of the date this petition is filed, two months later, Allstate has still provided nothing supporting these claims.

25.      Thus, as of the date this Petition is filed, Defendants still continue to deny and delay appropriate and full coverage and payment for the damages to Plaintiffs' covered Property without any proper demonstrated basis.

26.      Defendant Allstate has breached its duties to, and contract of insurance with, Plaintiffs by failing to ensure an adequate, good-faith investigation of the Property damage was made, by misrepresenting to Plaintiffs the extent of the damages to the Property, and by refusing to adequately and timely compensate Plaintiffs in good faith under the Policy. Defendant Allstate, specifically, has improperly refused to pay for adequate repairs under the Policy, although due demand was made in an amount estimated to be sufficient to cover the Property damage at issue, and even though Plaintiffs have fulfilled all conditions precedent to recovery under the Policy.

27.      Defendants Black and Guichet also breached their duties, professional and otherwise, to the Plaintiffs, by failing to perform an adequate, thorough, good-faith investigation and documentation of the full extent of the damages to Plaintiffs' Property, and by misrepresenting and otherwise failing to properly investigate the causation of those damages in a way that would facilitate Defendant Allstate's ability to argue against coverage under the Policy and refuse to pay. Had an adequate, thorough, good-faith investigation and documentation of the full extent of the damages to Plaintiffs' Property been made, Defendants would have observed, among other things, that the asbestos tile under the vinyl siding (which had also been damaged by the storm) would not provide a sufficient nailable surface and, for a number of reasons, would require removal before replacement of the home's siding.

28.     Defendants' conduct, jointly and severally, violates the Texas Insurance Code's Unfair Settlement Practices Provisions. TEX. INS. CODE §541.060(a)(l).

29.     Defendants failed to make a good faith attempt to settle Plaintiffs' claim in a fair manner, although the Defendants were aware of the liability to Plaintiffs under the Policy, violating TEX. INS. CODE §541.060(a)(2)(A).

30.     Defendants also failed to properly, adequately and in good faith, explain to Plaintiffs the reasons and support for Defendants' offer of an inadequate settlement and their failure to independently investigate (and instead condition full coverage and payment upon first receiving proof from Remedy Roofing about) the proper and legal method of repairing Plaintiffs' damaged original asbestos siding. Defendants also did not communicate that no future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct thus also violated TEX. INS. CODE §541.060(a)(3).

31.     Defendants also violated TEX. INS. CODE §541.060(a)(7) by refusing to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable and complete inspection and investigation. Defendants performed a cynical, coordinated, self-serving, outcome-oriented investigation of Plaintiffs' claim, which unsurprisingly resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' damages and the causation of those damages. Even after being confronted, as they admit, with a third-party contractor's safety and legal compliance concerns over the simplistic siding repair method Allstate required, and on which Allstate had conditioned its self-serving damage and payment estimates, Defendants still have refused to lift a finger to complete their investigation as they are required to under section 541.060(a)(7). Instead, Allstate has chosen to sit back, using its own

decision to wait to receive further information from a third-party contractor as an excuse, both for not doing its own investigation as it is required to under the Insurance Code and other law, as well as for its ongoing failure to timely and fully pay the claim.

32. Defendants therefore also have violated the Prompt Payment provisions of TEX. INS. CODE §542.055 by failing to take action to fully investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

33. Defendants also violated these provisions by failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. *See, e.g.*, TEX. INS. CODE §542.056.

34. Defendants have likewise failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. They intentionally, and in bad faith, have refused and otherwise delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs never have received full payment for their claim. Defendants' conduct thus also violates, among other things, the Prompt Pay provisions at TEX. INS. CODE §542.058.

35. Defendants' liability to pay the full claim in accordance with the terms of the Policy was clear from and after the time Plaintiffs presented their claim to Defendants. Defendants, however, nevertheless have consistently refused to pay Plaintiffs in full, despite there being no basis on which an insurance company reasonably might rely to deny the full payment, also violating the common law duty and covenant of good faith and fair dealing.

36. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

37.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the undersigned attorneys who are now representing them with respect to these causes of action.

38.     Plaintiffs notified Defendants of the claims presented herein by letter of October 8, 2015.  Defendants responded by letter on December 2, 2015, declining a demand made by Plaintiffs, and attempting to excuse their failure to fully investigate and pay Plaintiffs' claim on the allegations discussed above.

39.     Plaintiffs' counsel investigated the claims in Defendants' December 2, 2015, letter about Allstate's second inspection in August 2015 and Remedy Roofing's concerns about installing new siding over asbestos as Allstate wanted).  Finding no documentation to support Allstate's claims, however, Plaintiffs' counsel wrote Allstate on February 29, 2016, to provide copies of any correspondence, or other documents or evidence it had to support those claims.

40.     Defendants eventually responded through Ms. Guichet, with a cursory letter on April 1, 2016, acknowledging Plaintiffs' counsel's February 29, 2016, letter but then merely reiterating the main claims from Defendants' original December 2, 2015, letter. Defendants' short April 1, 2016, letter failed to address Plaintiffs' counsel's earlier request for documentation about Defendants' claimed interactions with Remedy Roofing and provided no documents or other evidence as requested.

## VII.    CAUSES OF ACTION

### COUNT 1 – BREACH OF CONTRACT
### (*Defendant Allstate*)

41.     The elements of a breach-of-contract action are: (1) the existence of a valid contract; (2) the plaintiff performed, tendered performance of, or was excused from performing

its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach damaged the plaintiff.[4]  All of these elements are met.

42.     Defendant Allstate's above-described, knowing and/or reckless failure and/or refusal to properly and in good faith investigate Plaintiffs' claim and pay adequate compensation for that covered claim as Allstate is obligated to do under the terms of the Policy in question and under state law, as well as its misrepresentations and failure to adequately explain and support its refusals to completely coverage and pay Plaintiff's claim, constitutes a breach of its insurance contract with Plaintiffs.

43.     Allstate's breach proximately caused Plaintiffs significant harm, for which Plaintiffs here seek unliquidated damages within this Court's jurisdictional limits.

44.     Plaintiffs also suffered losses and harm independent of and beyond the loss of policy benefits, which additional injury was the proximate result of Defendant's gross negligence, malice, or actual fraud, thereby entitling Plaintiffs to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

45.     Plaintiffs are furthermore entitled to attorneys' fees in light of Defendant's breach pursuant to the Policy and applicable law, including but not limited to TEX. CIV. PRAC. & REM. CODE 38.001, *et seq.*  Plaintiffs sent Defendants written notice of their claims and demand by letter of September 29, 2015.

## COUNT 2 – BREACH OF THE DUTY OF GOOD FAITH
## AND FAIR DEALING
### (*Defendant Allstate*)

46.     Insurers have a duty to deal fairly and in good faith with their insureds.[5]  In the

---

[4] *See, e.g., Correa v. Salas*, No. 05-13-01478-CV, 2014 WL 7399306, *1 (Tex.App.—Dallas, Dec. 17, 2014).
[5] *See, e.g., Arnold v. National County Mut. Fire Ins. Co.*, 735 S.W.2d 165, 167 (1987).

insurance context, a:

> [C]ause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay.[6]

47.    This is exactly what Plaintiffs here allege, as noted above. The fact Defendant Allstate knew or should have known by the exercise of reasonable diligence that its liability to Plaintiffs under the Policy was reasonably clear, constitutes a breach of the duty of good faith and fair dealing Defendant owed and owes Plaintiffs. This breach proximately harmed Plaintiffs, entitling them to damages, including but not limited to exemplary damages.7

## COUNT 3 – VIOLATION OF THE TEXAS INSURANCE CODE'S UNFAIR SETTLEMENT PRACTICES
### (*All Defendants*)

48.    Defendants' conduct here, described above, comprises and constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.  CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

49.    Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, also constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(l).

50.    Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, also constitutes an unfair method of competition and an

[6] *Ibid.*
[7] *Id.* (noting that "exemplary damages and mental anguish damages are recoverable for a breach of the duty of good faith and fair dealing….") (citations omitted).

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51.   Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendants' refusal to fully investigate the claim and Defendants' inadequate offer of a compromise settlement of the claim, likewise constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

52.   Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable, good faith investigation, also constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## COUNT 4 – NONCOMPLIANCE WITH TEXAS INSURANCE CODE
### (THE PROMPT PAYMENT OF CLAIMS)
#### (*All Defendants*)

53.   Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

54.   Defendants' failure to acknowledge receipt of Plaintiffs' claim, commence its own reasonable and thorough investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

55.   Defendants' failure to request sufficient information from plaintiff necessary to a

full and adequate good faith investigation within the applicable time constraints before denying

coverage and rejecting Plaintiffs' claim on the basis of an inadequate and self-serving, cursory

investigation, likewise, constitutes a non-prompt payment of the claim. TEX. INS. CODE

§542.056.

56.    Defendants' delay of the payment of Plaintiffs' claim following its receipt of all

items, statements, and forms reasonably requested and required, longer than the amount of time

provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS.

CODE §542.058.

### COUNT 5 – COMMON LAW FRAUD
### (*All Defendants*)

57.    Defendants are liable to Plaintiffs for common law fraud.

58.    The elements of common-law fraud are:

> (1) that a material representation was made;
> (2) that it was false;
> (3) that the speaker knew it was false when made or that the speaker
> made it recklessly without any knowledge of the truth and as a positive
> assertion;
> (4) that he made it with the intention that it be acted upon by the other
> party;
> (5) that the party acted in [justifiable] reliance upon it; and
> (6) damage.[8]

59.    These elements are also satisfied here. Each and every one of the representations,

as described above (including but not limited to Defendants' misrepresentation of the extent and

nature of both the damages and required repairs to the Property) concerned material facts in that,

absent such representations, Plaintiffs would not have acted as they did in reliance on Defendants'

representations. Defendants knew the representations described were false or made recklessly

---

[8] *See, e.g., BP Am. Prod. Co. v. Zaffirini,* 419 S.W.3d 485, 503 (Tex. App.—San Antonio 2013, pet. denied).

without any knowledge of their truth as a positive assertion. At a minimum, Defendants misrepresented their intention to properly investigate and promptly pay a valid insurance claim.

60.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud for which Plaintiffs are entitled to actual and exemplary damages pursuant to TEX. CIV. PRAC. & REM. CODE § 41.003(1) and other applicable authority.

## VII.   KNOWLEDGE

61.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code[9], and was a producing cause of Plaintiffs damages described herein.

## VIII.   DAMAGES

62.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages they have sustained.

63.     As previously mentioned, the damages caused by the Storm still have not been properly addressed or repaired, exposing the Property to further harm, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

64.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of her claim, together with attorneys' fees.

65.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have

---

[9] See TEX. INS. CODE § 541.002(1) ("'Knowingly' means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages under Subchapter D is based. Actual awareness may be inferred if objective manifestations indicate that a person acted with actual awareness").

been paid pursuant to the policy, mental anguish, court costs, and attorneys' fees. For the knowing conduct of the acts described above, Plaintiffs ask for exemplary damages including but not limited to three times their actual damages pursuant to TEX. INS. CODE §541.152.

66. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18%) percent interest per annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE §542.060.

67. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, as well as exemplary damages, and damages for emotional distress.

68. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

69. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the undersigned attorneys. Plaintiffs are therefore also entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys incurred in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. CONDITIONS PRECEDENT

70. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## X.   JURY DEMAND

71.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## XI.   REQUESTS FOR DISCLOSURE

72.     Plaintiffs request, pursuant to TEX. R. CIV. P. 194, that each of the above-named Defendants disclose, within fifty (50) days after the date of service of this request, the information or material described in Rule 194.2.

## XII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found appropriate. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

///

///

///

///

///

///

DATED this 5th day of May, 2016.

Respectfully submitted:

By: /s/ Matthew J.M. Prebeg

Matthew J.M. Prebeg, Texas Bar No. 00791465
Christopher M. Faucett, Texas Bar No. 00795198
Stephen W. Abbott, Texas Bar No. 00795933
PREBEG, FAUCETT & ABBOTT PLLC
8441 Gulf Freeway, Suite 307
Houston, Texas 77002
Telephone:      (832) 742-9260
Facsimile:      (832) 742-9261
E-mail:   mprebeg@pfalawfirm.com
          cfaucett@pfalawfirm.com
          sabbott@pfalawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

8/12/2016 2:52:05 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12146900
By: Joshua Bovell
Filed: 8/12/2016 2:52:05 PM

NO. 2016-29780

| | | |
|---|---|---|
| EARNEST AND LAURA SANDER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs | § | 215th JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| ALLSTATE TEXAS LLOYD'S; | § | |
| ALLSTATE TEXAS LLOYD'S, INC.; | | |
| GARY BLACK; and BRENDA GUICHET, | § | |
| | § | |
| Defendants | § | HARRIS COUNTY, TEXAS |

_____

## <u>PLAINTIFFS' FIRST AMENDED PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

EARNEST ("Ernie") AND LAURA SANDER, husband and wife, individually and jointly ("Plaintiffs"), file this PLAINTIFFS' FIRST AMENDED PETITION against Defendants (1) ALLSTATE TEXAS LLOYD'S, a Lloyd's entity, AND (2) ALLSTATE TEXAS LLOYD'S, INC., a Texas corporation (collectively, "ALLSTATE"), as well as ALLSTATE's adjustors and claim representatives involved in handling Plaintiffs' claims at issue in this case, both individually – namely (2) MR. GARY BLACK; and (3) MS. BRENDA GUICHET (collectively: "Defendants") – as well as jointly and severally with the other defendants, and would respectfully show the following:

### I.   DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under Discovery Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Plaintiffs therefore ask the Court to order discovery conducted pursuant a discovery control plan tailored to the particular circumstances of this suit.

## II.    CLAIM FOR RELIEF

2.      Plaintiffs seek monetary relief of over $100,000, but not more than $200,000 [TEX. R. CIV. P. 47(c)(3)].

## III.    PARTIES

3.      Plaintiffs **ERNIE AND LAURA SANDER** are individuals lawfully residing at 216 Texas Street; Tomball, Texas 77375-2407, in Harris County, Texas.

4.      Defendant **ALLSTATE TEXAS LLOYD'S, INC.** is an insurance company incorporated in Texas and doing business (insurance) in the State of Texas (Texas Department of Insurance No. 5231). Allstate Texas Lloyd's, Inc. may be properly served with process through its registered agent CT Corporation System; 1999 Bryan Street, Suite 900; Dallas, TX 75201-3136[1]; by "leaving a copy of the process at the home office or principal business office of the company during regular business hours"[2] (either at the address listed on the Sander family's policy: 8701 N. Freeport Pkwy.; Irving, TX 75063-1908; or at 3075 Sanders Road, Suite H1a; Northbrook, IL 60062-7127); or by serving the company through the Texas Insurance Commissioner[3] (c/o Texas Department of Insurance, 333 Guadalupe Street; Austin, TX 78701)

5.      Defendant **ALLSTATE TEXAS LLOYD'S** is a Lloyd's entity doing business in Texas (Texas Department of Insurance License No. 5231). Allstate Texas Lloyd's may be served with process through its registered agent in Texas (CT Corporation System; 1999 Bryan Street, Suite 900; Dallas, TX 75201-3136),[4] or by leaving a copy of the process at its principal business

---

[1] *See* TEX. INS. CODE § 804.101(b)(1)
[2] *Id.* at § 804.101(b)(2).
[3] *Id.*, § 804.102(c); 804.201, *et seq.*
[4] *See* n. 1, *supra*.

office during regular business hours[5] (either at the address listed on the Sander family's policy: 8701 N. Freeport Pkwy.; Irving, TX 75063-1908; or at 3075 Sanders Road, Suite H1a; Northbrook, IL 60062-7127); or by serving the company through the Texas Insurance Commissioner[6] (c/o Texas Department of Insurance, 333 Guadalupe Street; Austin, TX 78701).

6.      Collectively, for purposes of this First Amended Petition, Defendants Allstate Texas Lloyd's, Inc. and Allstate Texas Lloyd's shall be referred to as "**Allstate**."

7.      Defendant **GARY BLACK ("Black")** is an individual and Allstate claims adjuster who, as part of Allstate's "National Catastrophe Team," adjusts claims and interacts with policyholders and claimants in Texas (including the plaintiffs here) for Allstate. Mr. Black may be served either via certified mail through his employer, Allstate, using the means listed above, and/or in person or via certified mail at his current residence (which is, on information and belief: 8231 Nugget Drive; Mobile, Alabama 36695). Mr. Black has individual liability separate from that of his employer, Allstate. *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1988).

8.      Defendant **BRENDA GUICHET** ("Guichet") is an individual and Allstate claims adjuster who, as part of Allstate's "National Catastrophe Team," adjusts claims and interacts with policyholders and claimants in Texas (including the claimants here) for Allstate. Ms. Guichet may be served either via certified mail through her employer, Allstate, using the means listed above, and/or in person or via certified mail at her other business address (1055 Hillcrest Road, Suite A3; Mobile, Alabama 36695). *See Liberty Mutual Ins. Co. v. Garrison Contractors,*

---

[5] *See* n. 2, *supra*.
[6] *See* n. 3, *supra*.

*Inc.*, 966 S.W.2d 482 (Tex. 1988).

## IV.   JURISDICTION

9.     This Court has jurisdiction over the cause of action because the amount in controversy is within the Court's jurisdictional limits.

10.    The Court also has jurisdiction over the Allstate defendants because both Allstate Texas Lloyd's, Inc. is incorporated in Texas and both Allstate entities are licensed by the Texas Department of Insurance to do – and consistently have been doing – insurance business in Texas. Allstate Texas Lloyd's, on information and belief, issued the Plaintiff's policy at issue in this matter. Both Allstate entities also maintain a registered agent in Texas. The Allstate entities, moreover, jointly and severally harmed the Plaintiffs, who are Texas residents, in Texas, and Plaintiffs' causes of action here arise out of the defendant's business activities in the State of Texas. *See* TEX. INS. CODE CH. 804; TEX. CIV. PRAC. & REM. CODE § 17.042.

11.    The Court has jurisdiction over Defendant Black, because Mr. Black is an employee and agent of Allstate Texas Lloyd's, which is a Texas corporation and insurer as described above, and because Plaintiffs' causes of action, in whole or in part, arise out of Mr. Black's acts and omissions with respect to the Plaintiffs, and harmed the Plaintiffs in the State of Texas.

12.    The Court has jurisdiction over Defendant Guichet, because Ms. Guichet is an employee and agent of Allstate Texas Lloyd's, which is a Texas corporation and insurer as described above, and because Plaintiffs' causes of action, in whole or in part, arise out of the Ms. Guichet's acts and omissions with respect to the Plaintiffs, and harmed the Plaintiffs in the State of Texas.

## V.     VENUE

13.     Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. *See*, *e.g.*, TEX. CIV. PRAC. & REM. CODE §§15.002 and 15.032.

## VI.     FACTS

14.     Plaintiffs are the owners of, and insureds under, a Texas Homeowners' Insurance Policy (Policy # 9 38 552187 06/29), hereinafter referred to as "the Policy"), which Allstate sold and issued to Plaintiffs in Texas.

15.     Plaintiffs own the property insured by the Policy, located at 216 Texas Street; Tomball, Texas 77375-2407, in Harris County (hereafter referred to as "the Property").

16.     On or about May 27, 2015, a severe hail storm ("the Storm") struck Harris County, Texas, damaging homes and businesses throughout the area, including Plaintiffs' residence. The Storm damaged the roof of Plaintiffs' home and shed, as well as other exterior areas of their home and its appurtenances, including but not limited to the dwelling roof, the detached garage roof, and damage to the home's vinyl siding, fascia, and windows and screens. Plaintiffs presently understand the initial damage to their home and its appurtenances was in excess of $50,000.

17.     The Policy was in force at the time of the Storm.

18.     Shortly after the Storm, Plaintiffs filed a claim with Allstate for the damages the Storm caused to the Property.

19.     Allstate then assigned claims examiners from its "National Catastrophe Team," based in Dallas, Texas, including Defendants Black and Guichet, to adjust Plaintiffs' claim under the Policy.

20.     Defendants had Mr. Black inspect the Property on or about June 23, 2015, as part

of the Defendants' efforts to adjust Plaintiffs' claims under the Policy.

21.     Defendant Black, however, performed only a perfunctory and flawed inspection of the Property for the Defendants. The report Defendants issued Plaintiffs on June 23, 2015, grossly under-scoped the Property's Storm-related damages and grossly underestimated Plaintiffs' damages as totaling only approximately $13,000, estimating "recoverable depreciation" of approximately $6,000, which, after factoring in Plaintiffs' deductible of approximately $1,500, left Defendants' total, estimated "net claim" amount of only $2,539.63 (or $7,657.90 with recovered depreciation). As of the date this petition is filed defendants claim they have paid Plaintiffs only $5,246.62 on the claim.

22.     Defendants' miniscule payment – comprising only a fraction of the full amount of Plaintiffs' damages (discussed further below) and made on the basis of Defendants' incomplete, misleading, and self-serving inspection and assessment of Plaintiffs' property damage – in addition to Defendants' subsequent refusal to cover and compensate Plaintiffs for the full amount of their covered property damage, have wrongfully denied Plaintiffs full coverage and payment of damages and necessary repairs of the Property, even though the Policy provided coverage for losses such as those Plaintiffs suffered.

23.     Defendants subsequently re-inspected the Plaintiffs' Property on or about August 5, 2015 – this time in the presence of a representative from Plaintiff's then-chosen repair contractor, Remedy Roofing, but have made no further payments of Plaintiffs' claims.

24.     Defendants, through Defendant Guichet, have recently tried to excuse Allstate's refusal to timely and fully pay Plaintiffs' claims under the Policy in correspondence with Plaintiffs' counsel by arguing that, during Allstate's second inspection, Remedy Roofing expressed concern about the legality and safety of installing new siding over the home's original

asbestos-based siding (the repair Allstate wanted and on which Allstate had based its damage and payment estimates). Specifically, Remedy Roofing, on information and belief, expressed concern that the asbestos under-siding on the home was not a proper surface to which new siding could be safely or properly nailed the way Allstate suggested (because nailing into the asbestos would both break up and disperse asbestos fibers, presenting a deadly health hazard, and would also not provide a sufficiently solid and stable surface to which the siding could be affixed as Allstate wanted). Defendants claim they asked Remedy Roofing to prove these concerns but never received any additional information from them.

25.     Defendants thus concede that, upon hearing of safety and legal concerns about asbestos from Plaintiffs' contractor, Allstate – rather than taking steps to look into the safety or legality of the repairs they were requiring as a condition of fully paying Plaintiffs' claims and on which they were estimating damages – instead demanded that *Remedy Roofing prove to Allstate* that the repairs Allstate had assumed to be sufficient were unsafe or illegal before Allstate would fully pay the claim.

26.     Plaintiffs' counsel, having seen no evidence to support Defendants' claims about Remedy Roofing and the issue of the asbestos siding, asked Defendants, through Defendant Guichet, as early as February 29, 2016, to provide any written or electronic documentation corroborating Ms. Guichet's claims about Allstate's interactions with Remedy Roofing and the issue of installing new siding over the home's existing, damaged, asbestos siding. As of the date this petition is filed, two months later, Allstate has still provided nothing supporting these claims.

27.     Thus, as of the date this Petition is filed, Defendants still continue to deny and delay appropriate and full coverage and payment for the damages to Plaintiffs' covered Property without any proper demonstrated basis.

28.     Defendant Allstate has breached its duties to, and contract of insurance with, Plaintiffs by failing to ensure an adequate, good-faith investigation of the Property damage was made, by misrepresenting to Plaintiffs the extent of the damages to the Property, and by refusing to adequately and timely compensate Plaintiffs in good faith under the Policy.  Defendant Allstate, specifically, has improperly refused to pay for adequate repairs under the Policy, although due demand was made in an amount estimated to be sufficient to cover the Property damage at issue, and even though Plaintiffs have fulfilled all conditions precedent to recovery under the Policy.

29.     Defendants Black and Guichet also breached their duties, professional and otherwise, to the Plaintiffs, by failing to perform an adequate, thorough, good-faith investigation and documentation of the full extent of the damages to Plaintiffs' Property, and by misrepresenting and otherwise failing to properly investigate the causation of those damages in a way that would facilitate Defendant Allstate's ability to argue against coverage under the Policy and refuse to pay.  Had an adequate, thorough, good-faith investigation and documentation of the full extent of the damages to Plaintiffs' Property been made, Defendants would have observed, among other things, that the asbestos tile under the vinyl siding (which had also been damaged by the storm) would not provide a sufficient nailable surface and, for a number of reasons, would require removal before replacement of the home's siding.

30.     Defendants' conduct, jointly and severally, violates the Texas Insurance Code's Unfair Settlement Practices Provisions. TEX. INS. CODE §541.060(a)(l).

31.     Defendants failed to make a good faith attempt to settle Plaintiffs' claim in a fair manner, although the Defendants were aware of the liability to Plaintiffs under the Policy, violating TEX. INS. CODE §541.060(a)(2)(A).

32.     Defendants also failed to properly, adequately and in good faith, explain to Plaintiffs the reasons and support for Defendants' offer of an inadequate settlement and their failure to independently investigate (and instead condition full coverage and payment upon first receiving proof from Remedy Roofing about) the proper and legal method of repairing Plaintiffs' damaged original asbestos siding. Defendants also did not communicate that no future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct thus also violated TEX. INS. CODE §541.060(a)(3).

33.     Defendants also violated TEX. INS. CODE §541.060(a)(7) by refusing to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable and complete inspection and investigation. Defendants performed a cynical, coordinated, self-serving, outcome-oriented investigation of Plaintiffs' claim, which unsurprisingly resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' damages and the causation of those damages. Even after being confronted, as they admit, with a third-party contractor's safety and legal compliance concerns over the simplistic siding repair method Allstate required, and on which Allstate had conditioned its self-serving damage and payment estimates, Defendants still have refused to lift a finger to complete their investigation as they are required to under section 541.060(a)(7). Instead, Allstate has chosen to sit back, using its own decision to wait to receive further information from a third-party contractor as an excuse, both for not doing its own investigation as it is required to under the Insurance Code and other law, as well as for its ongoing failure to timely and fully pay the claim.

34.     Defendants therefore also have violated the Prompt Payment provisions of TEX. INS. CODE §542.055 by failing to take action to fully investigate Plaintiffs' claim within the

statutorily mandated time of receiving notice of Plaintiffs' claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

35.     Defendants also violated these provisions by failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. *See*, *e.g*., TEX. INS. CODE §542.056.

36.     Defendants have likewise failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. They intentionally, and in bad faith, have refused and otherwise delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs never have received full payment for their claim. Defendants' conduct thus also violates, among other things, the Prompt Pay provisions at TEX. INS. CODE §542.058.

37.     Defendants' liability to pay the full claim in accordance with the terms of the Policy was clear from and after the time Plaintiffs presented their claim to Defendants. Defendants, however, nevertheless have consistently refused to pay Plaintiffs in full, despite there being no basis on which an insurance company reasonably might rely to deny the full payment, also violating the common law duty and covenant of good faith and fair dealing.

38.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

39.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the undersigned attorneys who are now representing them with respect to these causes of action.

40.     Plaintiffs notified Defendants of the claims presented herein by letter of October 8, 2015.  Defendants responded by letter on December 2, 2015, declining a demand made by

Plaintiffs, and attempting to excuse their failure to fully investigate and pay Plaintiffs' claim on the allegations discussed above.

41.     Plaintiffs' counsel investigated the claims in Defendants' December 2, 2015, letter about Allstate's second inspection in August 2015 and Remedy Roofing's concerns about installing new siding over asbestos as Allstate wanted). Finding no documentation to support Allstate's claims, however, Plaintiffs' counsel wrote Allstate on February 29, 2016, to provide copies of any correspondence, or other documents or evidence it had to support those claims.

42.     Defendants eventually responded through Ms. Guichet, with a cursory letter on April 1, 2016, acknowledging Plaintiffs' counsel's February 29, 2016, letter but then merely reiterating the main claims from Defendants' original December 2, 2015, letter. Defendants' short April 1, 2016, letter failed to address Plaintiffs' counsel's earlier request for documentation about Defendants' claimed interactions with Remedy Roofing and provided no documents or other evidence as requested.

## VII.    CAUSES OF ACTION

### COUNT 1 – BREACH OF CONTRACT
(*Defendant Allstate*)

43.     The elements of a breach-of-contract action are: (1) the existence of a valid contract; (2) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach damaged the plaintiff.[7]  All of these elements are met.

44.     Defendant Allstate's above-described, knowing and/or reckless failure and/or refusal to properly and in good faith investigate Plaintiffs' claim and pay adequate compensation

---

[7] *See*, *e.g.*, *Correa v. Salas,* No. 05-13-01478-CV, 2014 WL 7399306, *1 (Tex.App.—Dallas, Dec. 17, 2014).

for that covered claim as Allstate is obligated to do under the terms of the Policy in question and under state law, as well as its misrepresentations and failure to adequately explain and support its refusals to completely coverage and pay Plaintiff's claim, constitutes a breach of its insurance contract with Plaintiffs.

45.     Allstate's breach proximately caused Plaintiffs significant harm, for which Plaintiffs here seek unliquidated damages within this Court's jurisdictional limits.

46.     Plaintiffs also suffered losses and harm independent of and beyond the loss of policy benefits, which additional injury was the proximate result of Defendant's gross negligence, malice, or actual fraud, thereby entitling Plaintiffs to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

47.     Plaintiffs are furthermore entitled to attorneys' fees in light of Defendant's breach pursuant to the Policy and applicable law, including but not limited to TEX. CIV. PRAC. & REM. CODE 38.001, *et seq.*  Plaintiffs sent Defendants written notice of their claims and demand by letter of September 29, 2015.

## COUNT 2 – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
### (*Defendant Allstate*)

48.     Insurers have a duty to deal fairly and in good faith with their insureds.[8] In the insurance context, a:

> [C]ause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay.[9]

---

[8] *See, e.g.*, *Arnold v. National County Mut. Fire Ins. Co.*, 735 S.W.2d 165, 167 (1987).
[9] *Ibid*.

49.     This is exactly what Plaintiffs here allege, as noted above. The fact Defendant Allstate knew or should have known by the exercise of reasonable diligence that its liability to Plaintiffs under the Policy was reasonably clear, constitutes a breach of the duty of good faith and fair dealing Defendant owed and owes Plaintiffs. This breach proximately harmed Plaintiffs, entitling them to damages, including but not limited to exemplary damages.10

## COUNT 3 – VIOLATION OF THE TEXAS INSURANCE CODE'S UNFAIR SETTLEMENT PRACTICES
### (*All Defendants*)

50.     Defendants' conduct here, described above, comprises and constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.  CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

51.     Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, also constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(l).

52.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, also constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

53.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or

---

10 *Id*. (noting that "exemplary damages and mental anguish damages are recoverable for a breach of the duty of good faith and fair dealing….") (citations omitted).

applicable law, for Defendants' refusal to fully investigate the claim and Defendants' inadequate offer of a compromise settlement of the claim, likewise constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable, good faith investigation, also constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### COUNT 4 – NONCOMPLIANCE WITH TEXAS INSURANCE CODE (THE PROMPT PAYMENT OF CLAIMS) (*All Defendants*)

55.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

56.     Defendants' failure to acknowledge receipt of Plaintiffs' claim, commence its own reasonable and thorough investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

57.     Defendants' failure to request sufficient information from plaintiff necessary to a full and adequate good faith investigation within the applicable time constraints before denying coverage and rejecting Plaintiffs' claim on the basis of an inadequate and self-serving, cursory investigation, likewise, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

58.     Defendants' delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## COUNT 5 – COMMON LAW FRAUD
### (*All Defendants*)

59.     Defendants are liable to Plaintiffs for common law fraud.

60.     The elements of common-law fraud are:

> (1) that a material representation was made;
> (2) that it was false;
> (3) that the speaker knew it was false when made or that the speaker made it recklessly without any knowledge of the truth and as a positive assertion;
> (4) that he made it with the intention that it be acted upon by the other party;
> (5) that the party acted in [justifiable] reliance upon it; and
> (6) damage.[11]

61.     These elements are also satisfied here. Each and every one of the representations, as described above (including but not limited to Defendants' misrepresentation of the extent and nature of both the damages and required repairs to the Property) concerned material facts in that, absent such representations, Plaintiffs would not have acted as they did in reliance on Defendants' representations. Defendants knew the representations described were false or made recklessly without any knowledge of their truth as a positive assertion. At a minimum, Defendants misrepresented their intention to properly investigate and promptly pay a valid insurance claim.

62.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer

---

[11] *See*, *e.g*., *BP Am. Prod. Co. v. Zaffirini,* 419 S.W.3d 485, 503 (Tex. App.—San Antonio 2013, pet. denied).

injury and constituting common law fraud for which Plaintiffs are entitled to actual and exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003(1) and other applicable authority.

## VII.   KNOWLEDGE

63.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code[12], and was a producing cause of Plaintiffs damages described herein.

## VIII.   DAMAGES

64.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages they have sustained.

65.     As previously mentioned, the damages caused by the Storm still have not been properly addressed or repaired, exposing the Property to further harm, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

66.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of her claim, together with attorneys' fees.

67.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorneys' fees. For the knowing conduct of the acts described above, Plaintiffs ask for exemplary damages including but not limited to three times their actual damages pursuant to TEX. INS. CODE §541.152.

68.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims,

---

[12] *See* Tex. Ins. Code § 541.002(1) ("'Knowingly' means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages under Subchapter D is based. Actual awareness may be inferred if objective manifestations indicate that a person acted with actual awareness").

Plaintiffs are entitled to the amount of their claim, as well as eighteen (18%) percent interest per annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE §542.060.

69.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, as well as exemplary damages, and damages for emotional distress.

70.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

71.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the undersigned attorneys. Plaintiffs are therefore also entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys incurred in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.     CONDITIONS PRECEDENT

72.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## X.     JURY DEMAND

73.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the

appropriate jury fee.

## XI.   REQUESTS FOR DISCLOSURE

74.   Plaintiffs request, pursuant to TEX. R. CIV. P. 194, that each of the above-named Defendants disclose, within fifty (50) days after the date of service of this request, the information or material described in Rule 194.2.

## XII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums from Defendants as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found appropriate.  In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

///

///

///

///

///

///

///

///

///

DATED this 12th day of August, 2016.

Respectfully submitted:

By: /s/ Brent T. Caldwell

Matthew J.M. Prebeg, Texas Bar No. 00791465
Christopher M. Faucett, Texas Bar No. 00795198
Stephen W. Abbott, Texas Bar No. 00795933
PREBEG, FAUCETT & ABBOTT PLLC
8441 Gulf Freeway, Suite 307
Houston, Texas 77002
Telephone:       (832) 742-9260
Facsimile:       (832) 742-9261
E-mail:   mprebeg@pfalawfirm.com
          cfaucett@pfalawfirm.com
          sabbott@pfalawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

8/18/2016 5:21:10 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12254154
By: Joshua Bovell
Filed: 8/18/2016 5:21:10 PM

CAUSE NO. 2016-29780

| | | |
|---|---|---|
| EARNEST AND LAURA SANDER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 215TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S; | § | |
| ALLSTATE TEXAS LLOYD'S, INC.; | § | |
| GARY BLACK; and BRENDA GUICHET, | § | |
| | § | HARRIS COUNTY, TEXAS |
| Defendants. | | |

## DEFENDANT ALLSTATE TEXAS LLOYD'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyd's ("Defendant"), and files this, its Original Answer to Plaintiffs' First Amended Petition, and would respectfully show unto the Court the following:

**I.**
## ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' First Amended Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.**
## DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case.

**III.**
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant goes

hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

  _/s/Jay Scott Simon_
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S, ALLSTATE
TEXAS LLOYD'S, INC., GARY BLACK AND
BRENDA GUICHET**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on August 18, 2016, a true and correct copy of the foregoing was served upon the following counsel for Plaintiffs by electronic service:

Matthew J.M. Prebeg
Christopher M. Faucett
Stephen W. Abbott
PREBEG, FAUCETT & ABBOTT, PLLC
8441 Gulf Fwy., Ste. 307
Houston, Texas 77002
mprebeg@pfalawfirm.com
cfaucett@pfalawfirm.com
sabbot@pfalawfirm.com

  _/s/Jay Scott Simon_
Jay Scott Simon

7/8/2016 5:04:00 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11548209
By: Carla Carrillo
Filed: 7/8/2016 5:04:00 PM

CAUSE NO. 2016-29780

| | | |
|---|---|---|
| EARNEST AND LAURA SANDER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 215TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC.; | § | |
| GARY BLACK; and BRENDA GUICHET, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### DEFENDANTS ALLSTATE TEXAS LLOYD'S, INC. AND BRENDA GUICHET'S VERIFIED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Allstate Texas Lloyd's, Inc. and Brenda Guichet (collectively, "Defendants"), and file this, their Verified Original Answer to Plaintiffs' Original Petition, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### VERIFIED DENIAL

Plaintiffs' Original Petition refers to Allstate Texas Lloyd's, Inc. The company which issued the insurance policy-at-issue is Allstate Texas Lloyd's, which is not a corporation but rather a Lloyds entity, which is an unincorporated association of underwriters. Allstate Texas Lloyd's, Inc. is a wholly different entity which did not issue Plaintiffs' policy of insurance and does not issue insurance policies in Texas.

### III.
### DEMAND FOR JURY TRIAL

Defendants herein make demand for a jury trial in this case, and will tender the applicable fees thereon.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Allstate Texas Lloyd's, Inc. and Brenda Guichet pray that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendants, but Defendants go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

_/s/Jay Scott Simon_
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S, INC. and
BRENDA GUICHET**

## CERTIFICATE OF SERVICE

This is to certify that on July 8, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiffs by electronic service:

Matthew J.M. Prebeg
Christopher M. Faucett
Stephen W. Abbott
PREBEG, FAUCETT & ABBOTT, PLLC
8441 Gulf Fwy, Ste. 307
Houston, Texas 77002
mprebeg@pfalawfirm.com
cfaucett@pfalawfirm.com
sabbott@pfalawfirm.com

  _/s/Jay Scott Simon_
Jay Scott Simon

CAUSE NO. 2016-29780

| | | |
|---|---|---|
| EARNEST AND LAURA SANDER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 215TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC.; | § | |
| GARY BLACK; and BRENDA GUICHET, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## VERIFICATION

STATE OF TEXAS    §
                 §
COUNTY OF HARRIS    §

BEFORE ME, the undersigned notary public, on this day personally appeared Jay Scott Simon, as counsel for Allstate Texas Lloyd's, Inc. and Brenda Guichet, who, being by me first duly sworn, did on his oath depose and say that he has read Defendants Allstate Texas Lloyd's, Inc. and Brenda Guichet's Verified Original Answer and that the statements contained within the Verified Denial are, based upon information and belief, true and correct.

_____

Jay Scott Simon

SUBSCRIBED AND SWORN TO BEFORE ME by Jay Scott Simon on this the 8th day of ___July___, 2016, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

VERONICA PIZZITOLA
Notary ID 1016071-9
My Commission Expires
September 14, 2017

7/28/2016 4:24:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11887188
By: JEANETTA SPENCER
Filed: 7/28/2016 4:24:04 PM

CAUSE NO. 2016-29780

| | | |
|---|---|---|
| EARNEST AND LAURA SANDER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 215TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S, INC.; | § | |
| GARY BLACK; and BRENDA GUICHET, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT GARY BLACK'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gary Black ("Defendant"), and files this, his Original Answer to Plaintiffs'

Original Petition, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each

and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and

demands strict proof thereon by a preponderance of the credible evidence in accordance with the

Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case, and will tender the applicable

fees thereon.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Gary Black prays that upon final

trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant goes hence

without delay and recovers costs of court and other such further relief, both general and special, to

which Defendant may be justly entitled.

Respectfully submitted,

  /s/Jay Scott Simon
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S, INC., GARY
BLACK AND BRENDA GUICHET**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 28, 2016, a true and correct copy of the foregoing was
delivered to the following counsel for Plaintiffs by electronic service:

Matthew J.M. Prebeg
Christopher M. Faucett
Stephen W. Abbott
PREBEG, FAUCETT & ABBOTT, PLLC
8441 Gulf Fwy, Ste. 307
Houston, Texas 77002

  /s/Jay Scott Simon
Jay Scott Simon